**JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lawone Wilkinson, | No. CV 1-08-1494-CKJ |
| Plaintiff, | **ORDER** |
| vs. | |
| Sergeant M. Slankard, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's First Amended Complaint (Doc. # 8), filed in compliance with the Court's February 27, 2009 Order (Doc # 7). The Court will order Slankard to answer Count IV of the First Amended Complaint and dismiss the remaining claims without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

///

///

JDDL

## II.     First Amended Complaint

Plaintiff sues California Correctional Institution Sergeant M. Slankard and presents four counts for relief and the following background facts. Plaintiff alleges that on February 24, 2008, between 3:00 p.m. and 4:00 p.m. he was returning to his housing unit from the yard. Slankard stopped Plaintiff and told him to remove his clothing (except his boxer shorts) before entering the housing unit. Plaintiff complied with the request, but complained that because it was under 50 degrees outside and there was no emergency, he should not be forced to remove his clothing. Slankard reiterated his order and Plaintiff reiterated his complaint. Slankard then pulled out a can of pepper spray, pointed it at Plaintiff's face, instructed him to drop his clothes and boots to the ground, and face the wall with his hands behind his back. Slankard then told Officer Nickkles and two unknown officers to "handcuff and walk [Plaintiff] to the holding cage." Plaintiff told Slankard that he is disabled and it would be painful to walk to the cage without his orthopedic boots. Slankard responded that it would be more painful if the officers dragged Plaintiff to the cage, so he walked to the cage. Slankard then kicked Plaintiff's boots across the dirty prison yard. Nickkles and the two unknown officers escorted Plaintiff to the cage and he requested to see a doctor. Nickkles told Plaintiff to ask Slankard, but his request was never acknowledged. Plaintiff was strip searched in the cage for an hour and was released and sent back to his housing unit.

Then on February 27, 2008, Plaintiff was called into the office by Slankard and his Lieutenant. They requested that Plaintiff make an audio/video statement of the February 24, 2008 incident. Plaintiff agreed, but asked whether Slankard should be involved in making the video. Plaintiff was told it is none of his business. After Plaintiff made the video, Slankard told Plaintiff he would receive a disciplinary write up.

Based on the above facts Plaintiff alleges in Count I that Slankard used excessive force when he pointed the can of pepper spray at him. In Count II, Plaintiff alleged that Slankard violated Plaintiff's ADA rights by forcing him to walk to the holding cage without his orthopedic boots. In Count III, Plaintiff alleged that Slankard's conduct violated Plaintiff's Eighth Amendment rights. And in Count IV, Plaintiff alleged that Slankard

1  retaliated against him by filing a disciplinary report after Plaintiff complained about
2  Slankard's conduct.

### III. Failure to State a Claim

#### A. Count I

Plaintiff presents a claim for excessive force in Count I. When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The injury suffered by the inmate need not rise to the level of objective seriousness required by other Eighth Amendment claims, but the *force* used must be something more than *de minimis*. Id. at 9-10. Here, Plaintiff fails to state a claim because he makes clear that no force was ever used. The mere fact that Slankard pointed the pepper spray can at Plaintiff does not equate to excessive force. Count I will be dismissed.

#### B. Count II

Plaintiff alleges that Slankard's conduct in requiring Plaintiff to walk to the holding cage without his orthopedic boots violated that Americans with Disabilities Act (ADA). Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state an ADA claim, a plaintiff must demonstrate that he:

> (1) is a handicapped person; (2) that he is otherwise qualified; and that [prison officials'] actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap.

Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996).

Plaintiff does not allege that he was excluded from participation in or denied the benefits of the prison's services, programs, or activities. Consequently, Plaintiff's allegations are insufficient to state a claim under the ADA and Count II will be dismissed.

///

JDDL

- 3 -

### C. Count III

In Count III, Plaintiff alleges that Slankard's conduct violated his Eighth Amendment right to be free from cruel and unusual punishment. To comply with the Eighth Amendment's prohibition against cruel and unusual punishment, a prison must provide prisoners with "adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) (citation omitted). However, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. See Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979) (noting that a *de minimis* level of imposition does not rise to a constitutional violation). Plaintiff's claims that he was forced to undress in 50 degree weather before entering the housing unit and was forced to walk to the holding cage without his orthopedic boots are not the sort of inconveniences that rise to the level of constitutional violations. Therefore, the Court will dismiss Count III.

To the extent that Plaintiff also presents a Fourth Amendment claim for the search that was conducted in the holding cage, that must also be dismissed because Plaintiff does not allege that Slankard conducted that search. Indeed, it appears that either Nickkles or one of the unknown officers conducted the search, but none of those individuals are named defendants. To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not linked the search with any named defendant and that claim must therefore be dismissed.

### IV. Claims for Which an Answer Will be Required

Plaintiff has sufficiently stated a claim for retaliation in Count IV wherein Plaintiff alleges that Slankard filed a false disciplinary charge against him in retaliation for documenting his complaint about the February 24, 2008 incident. Slankard will be required to answer.

///

**V.     Warnings**

    **A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Counts I - III are **dismissed** without prejudice.

(2)     Defendant Slankard must answer Count IV.

(3)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #8), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendant Slankard.

(4)     Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit with the Notice of Submission of Documents: a copy of the First Amended Complaint for Defendant, a copy of this Order for Defendant, a completed summons for Defendant, and a completed USM-285 for Defendant.

(5)     Plaintiff must not attempt service on Defendant and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and

the required documents, the Court will direct the United States Marshal to seek waiver of service from Defendant or serve Defendant.

(6) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 5th day of June, 2009.

_____
Cindy K. Jorgenson
United States District Judge

JDDL

- 6 -