**JWB**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lawone Wilkinson, | No. CV 1-08-1494-CKJ |
| Plaintiff, | **ORDER** |
| vs. | |
| Sergeant M. Slankard, et al., | |
| Defendants. | |

Plaintiff Lawone Wilkinson filed a *pro se* civil rights First Amended Complaint (FAC) pursuant to 42 U.S.C. § 1983 (Doc. # 8). By Order dated June 5, 2009, the Court ordered Defendant Slankard to answer Count IV of the FAC and dismissed the remaining claims (Doc. # 9).

On June 19, 2009, Plaintiff filed a Motion for Reconsideration of the Court's June 5, 2009 Screening Order (Doc. # 10).

**I.     Motion for Reconsideration**

In his Motion for Reconsideration, Plaintiff requests that the Court reconsider its dismissal of Count II—Plaintiff's claim that Slankard violated Plaintiff's rights under the Americans with Disabilities Act when he forced Plaintiff to walk an unspecified distance from his housing unit to a holding cage without his orthopedic boots.

Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

**JDDL**

or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Court has reviewed the allegations against Slankard in Plaintiff's FAC and finds no error in its dismissal of Count II. Plaintiff fails to allege that Slankard discriminated against him on the basis of his disability and was thereby excluded from participation in or denied the benefit of the services, programs, or activities of a public entity. Plaintiff's motion does not present any legally cognizable basis for reconsideration and it will be denied.

**II.     Service Packets**

Plaintiff has not yet returned the service packet for Slankard as required by the Court's June 5, 2009 Order. Plaintiff has until July 20, 2009 to submit the required documents.[1]

**III.    Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

///////

//////

//////

---

[1] Because it is likely Plaintiff may not receive a copy of this Order prior to the original deadline, the Court has extended this deadline to July 20, 2009.

### C.   **Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Motion for Reconsideration (Doc. # 10) is **denied**.

(2)   Plaintiff has **until** July 20, 2009, to complete and return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit with the Notice of Submission of Documents: a copy of the First Amended Complaint for Defendant, a copy of the Court's June 5, 2009 Order for Defendant, a completed summons for Defendant, and a completed USM-285 for Defendant.

(3)   Plaintiff must not attempt service on Defendant and must not request waiver of service.  Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from Defendant or serve Defendant.

(4)   **If Plaintiff fails to return the Notice of Submission of Documents and the required documents by July 20, 2009, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 29th day of June, 2009.

_____
Cindy K. Jorgenson
United States District Judge