IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWONE WILKINSON,<br><br>    Plaintiff,<br><br>vs.<br><br>SERGEANT M. SLANKARD, et al.<br><br>    Defendants. | No. 1:08-CV-1494-CKJ<br><br>**ORDER** |

Pending before the Court is Defendant Sergeant M. Slankard's Motion to Dismiss [Doc. # 14]. A response and reply have been filed.

*Factual and Procedural Background*

On October 3, 2008, Plaintiff Lawone Wilkinson ("Wilkinson") filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 against Sergeant M. Slankard ("Slankard"), Captain D. Zanchi, and Associate Warden M. Carrasco. On February 27, 2009, this Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a). In its screening order, the Court stated:

> A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

February 27, 2009, Order, p. 3. The Court dismissed the Complaint with leave to file an amended complaint.

On March 16, 2009, Wilkinson filed a First Amended Complaint against Slankard. Wilkinson alleged that, on February 24, 2008, between 3:00 p.m. and 4:00 p.m. he was returning to his housing unit from the yard. Slankard stopped Wilkinson and told him to remove his clothing (except his boxer shorts) before entering the housing unit. Wilkinson alleged that he complied with the request, but complained that because it was under 50 degrees outside and there was no emergency, he should not be forced to remove his clothing. Slankard repeated his order and Wilkinson reiterated his complaint. Wilkinson alleged that Slankard then pulled out a can of pepper spray, pointed it at Wilkinson's face, instructed him to drop his clothes and boots to the ground, and face the wall with his hands behind his back. Slankard then told other officers to handcuff Wilkinson and walk him to the holding cage.

Wilkinson alleged that he told Slankard that he was disabled and that it would be painful to walk to the cage without his orthopedic boots. Because Slankard responded that it would be more painful if the officers dragged Wilkinson to the cage, he walked to the cage. Wilkinson alleged that Slankard then kicked Wilkinson's boots across the dirty prison yard. The other officers escorted Wilkinson to the cage. When Wilkinson requested to see a doctor, he was told to ask Slankard; his request was not acknowledged. Wilkinson alleged that he was strip searched in the cage for an hour and was released and sent back to his housing unit.

Wilkinson alleged that, on February 27, 2008, he was called into the office by Slankard and his lieutenant. They requested that Wilkinson make an audio/video statement of the February 24, 2008, incident. Wilkinson alleged that he asked whether Slankard should be involved in making the video, but was told it was none of his business. After Wilkinson made the video, Slankard told Wilkinson he would receive a disciplinary write up.

Wilkison alleged: Count I – Slankard used excessive force when he pointed the can of pepper spray at him; Count II – Slankard violated Wilkinson's ADA rights by forcing him to walk to the holding cage without his orthopedic boots; Count III – Slankard's conduct violated Wilkinson's Eighth Amendment rights, and; Count IV – Slankard. retaliated against

1  him by filing a disciplinary report after Wilkinsons complained about Slankard's conduct.

2  The Court screened Wilkinson's First Amended Complaint, determined that
3  Wilkinson has failed to state a claim upon which relief could be granted as to Counts I – III
4  and dismissed those claims. The Court determined that Wilkinson had stated a claim in
5  Count IV and directed Slankard to file an Answer. On June 26, 2009, this Court denied
6  Wilkinson's Motion for Reconsideration.

7  On October 19, 2009, Slankard filed a Motion to Dismiss in which asserts Wilkinson
8  has failed to exhaust his administrative remedies. The Declaration of N. Grannis ("Grannis")
9  is attached to the Motion to Dismiss. Grannis, the Chief of the Inmate Appeals Branch,
10 declares that the Inmate Appeals Branch keeps an electronic database of each inmate appeal
11 that has proceeded through the final level of review. Grannis further declares that a review
12 of the database as to Wilkinson reveals that two appeals were accepted for the final level of
13 review and that neither of those appeals reference any retaliation claims against Slankard.

14 Wilkinson has filed an opposition and a request for judicial notice. These documents
15 refer to Wilkinson's original Complaint and documents attached to it. Slankard has filed a
16 reply in which he asserts that consideration of the original Complaint is not appropriate
17 because the Court stated that an amended complaint supersedes an original complaint and
18 that the original complaint is treated as nonexistent.

19

20 *Consideration of Original Complaint*

21 Slankard requests the Court not consider the original Complaint and the documents
22 attached to it. However, should the Court not consider these documents and should
23 Wilkinson subsequently file a motion for reconsideration and request additional time to
24 submit a supplemental response, it is likely the Court would find it appropriate to permit a
25 supplemental response. *See generally Pincay v. Andrews*, 389 F.3d 853, 855-56 (9th Cir.
26 2004). Such a procedure would merely delay the Court's consideration of the documents.
27 The Court finds it appropriate, therefore, to consider the documents at this time.

28

1  *Motion to Dismiss – Failure to Exhaust Administrative Remedies*

2  Slankard asserts that the remaining count of the First Amended Complaint must be
3  dismissed because Wilkinson failed to exhaust his administrative remedies.  Ordinarily,
4  plaintiffs pursuing civil rights claims under 42 U.S.C. § 1983 need not exhaust the
5  administrative remedies available to them. *Patsy v. Bd. of Regents*, 457 U.S. 496, 516, 102
6  S.Ct. 2557, 73 L.Ed.2d 172 (1982).  However, Congress replaced this "general rule of non-
7  exhaustion," with a "general rule of exhaustion" for all prisoner suits based on federal law.
8  *Porter v. Nussle*, 534 U.S. 516, 525 n. 4, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Indeed,
9  prisoners are required to exhaust administrative remedies before bringing suit under 42
10 U.S.C. § 1983:

11 > No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
12

13 42 U.S.C. § 1997e(a); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).
14 Exhaustion in cases subject to §1997e is mandatory. *Porter*, 534 U.S. at 524, 122 S.Ct. at
15 983; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  Moreover, futility or other
16 exceptions to the exhaustion requirement do not apply. *Booth v. Churner*, 532 U.S. 731, 741
17 n. 6, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001)

18 Exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct.
19 910, 166 L.Ed.2d 798 (2007).  A defendant bears the burden of raising and proving the
20 absence of exhaustion. *Wyatt*, 315 F.3d at 1119. Because exhaustion is a matter of abatement
21 in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide
22 disputed issues of fact. *Id*. at 1119-20.  Indeed, a court has broad discretion as to the method
23 to be used in resolving the factual dispute. *Ritza v. Int'l Longshoremen's & Warehousemen's*
24 *Union*, 837 F.2d 365, 369 (9th Cir. 1988), *quotation omitted*.  Further, a plaintiff's
25 allegations of exhaustion are not presumed to be true. *Ritza*, 837 F.2d at 368-69.
26 Additionally, the Ninth Circuit has determined that the claims must be exhausted before
27 filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (permitting

28 - 4 -

exhaustion *pendente lite* would inevitably undermine Congressional objective of reducing the quantity and improve the quality of prisoner suits).

Slankard asserts that the State of California, through the California Department of Corrections ("CDCR"), provides its prisoners and parolees with the right to appeal administratively "any department decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. Tit. 15, § 3084.1(a). "An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." Cal. Code Regs. Tit. 15, § 3084.6(c).

The CDCR inmate appeal process has several levels of appeal: informal resolution, formal written appeal on a CDCR Form 602, second level appeal to the institution level, and third level appeal. *See* Cal. Code Regs. Tit. 15, § 3084.5. The decision of the Director of CDCR at the Inmate Appeals Branch (for appeals received prior to August 2008) or the decision of the Office of Third Level Appeals - Health Care for medical appeals (for decisions received as of August 2008 or as of November 2008 for medical staff complaints) constitutes exhaustion of the administrative remedies available to an inmate within the Department of Corrections and Rehabilitation.

Grannis asserts that Wilkinson has not pursued to completion any grievances/appeals relating to Count IV of the First Amended Complaint against Slankard. Two appeals taken through the third level appeal by Wilkinson have been attached to the Motion to Dismiss; neither of these appeals mentions the alleged wrongdoing by Slankard at issue in this case.[1] Slankard asserts this claim should be dismissed.

The summary attached to Grannis' declaration includes two appeals that were screened out (IAB number 0726763). Included within the documents attached to the original

---

[1] The Court notes that the completion of two third level appeals by Wilkinson establishes that he is familiar with the third level appeal process.

- 5 -

1  Complaint is a June 27, 2008, letter from the Inmate Appeals Branch to Wilkinson. The
2  letter advised Wilkinson that institution and parole staff were available to assist him in
3  obtaining additional copies of forms and documents needed to submit an appeal, that the
4  Inmate Appeals Branch had determined that the appeal submitted by Wilkinson did not
5  comply with relevant regulations, that the appeal was being screened out, and that the appeal
6  was cancelled. Complaint, Ex. D.[2] Although the bottom of the document includes the
7  statement "Permanent Appeal Attachment - Do Not Remove[,]" *id*., it is not clear if the
8  document(s) it was attached to are included as an attachment to the original Complaint.

9  It appears that Wilkinson attempted to pursue an appeal through the third level, but
10 when advised that it was screened out, Wilkinson did not submit a third level appeal that
11 complied with the regulations. The attachments to the Complaint, the opposition, and the
12 request for judicial notice do not include any information from Wilkinson that he attempted
13 to pursue the third level appeal following receipt of the letter advising him that the appeal
14 was screened out. Moreover, Wilkinson does not assert that he did not know that further
15 action was needed to pursue a third level appeal – indeed, the letter establishes that he was
16 advised staff was available to assist him, that the appeal submitted by Wilkinson did not
17 comply with relevant regulations, that the appeal was screened out, and that the appeal was
18 cancelled. Rather, the summary attached to Grannis's declaration establishes that Wilkinson
19 did not pursue a third level appeal, as to the claim in this case, following the notification to
20 Wilkinson that the appeal was screened out. Moreover, Wilkinson does not assert that the
21 administrative procedures were unavailable or that prison officials effectively obstructed his
22 ability to pursue his grievance through the third level of appeal.

23 The Court finds Slankard has met his burden establishing that Wilkinson did not

---

[2]The inclusion in the summary of the appeal that was screened out is corroborated by the exhibit attached to Wilkinson's original Complaint. *See United States v. Perez-Corona*, 295 F.3d 996, 1001 n. 4 (9th Cir. 2002) (a court should only take judicial notice of facts contained in agency records that bear "sufficient indicia of reliability . . .").

1 | exhaust his administrative remedies.  Dismissal is appropriate.

*Dismissal with Prejudice*

Slankard asserts that, where a prisoner-plaintiff fails to exhaust administrative remedies, and the time for filing an administrative grievance has lapsed, a procedural default results. *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995).  In *Marsh*, the Fifth Circuit Court of Appeals stated:

> Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirements by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies.

53 F.3d at 710.  Slankard argues that, while *Marsh* addressed section 1997e prior to the enactment of the Prison Litigation Reform Act of 1995, Congress's enactment of a more restrictive statute should not permit circumvention under its less restrictive predecessor. *See Booth*, 532 U.S. at 741 ("obviously broader exhaustion requirement" intended by Congress). Slankard asserts that this matter should be dismissed with prejudice; to do otherwise would permit Wilkinson to circumvent the administrative review system.

Prior to the Supreme Court's decision in *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006), Ninth Circuit law directed the district court to dismiss a complaint without prejudice to allow the prisoner a chance to exhaust his administrative remedies. *Wyatt*, 315 F.3d at 1120 ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."); *see also McKinney v. Carey*, 311 F.3d at 1198, 1199-1200 (9th Cir. 2002). However, *Woodford* now forecloses any untimely exhaustion.  The exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Woodford*, 126 S.Ct. at 2382.  Proper exhaustion requires compliance with an agency's deadlines and other critical procedural rules. *Id.* at 2386; *see e.g., Janoe v. Garcia*, 2007 WL 1110914, at *8-9 (S.D.Cal. March 29, 2007)

- 7 -

(dismissing Complaint with prejudice where a prisoner did not pursue the three-step formal review process, and had no time to exhaust); *Regan v. Frank*, 2007 WL 106537, at *4-5 (D. Haw. 1/9/07) (dismissing plaintiff's claims with prejudice for failure to timely exhaust administrative remedies as required under 42 U.S.C. § 1997e(a) prior to filing suit). The CDCR administrative appeals process requires that prisoner administrative appeals be submitted within fifteen days of receiving an adverse determination. Wilkinson did not pursue a third level appeal after being advised that the appeal had been screened out; i.e., Wilkinson did not exhaust his administrative remedies. Under *Woodford*, it is impossible for Wilkinson to cure this defect. Therefore, dismissal with prejudice for failure to exhaust is appropriate.

Accordingly, IT IS ORDERED:

1. The Motion to Dismiss [Doc. # 14] is GRANTED.
2. This matter is DISMISSED WITH PREJUDICE for failure to exhaust administrative remedies.
3. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 19th day of January, 2010.

_____
Cindy K. Jorgenson
United States District Judge